**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUMERCINDO EVERISARIO CUCHILLA-VENTURA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-72876 <br><br> Agency No. A079-417-450 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Gumercindo Everisario Cuchilla-Ventura, a native and citizen of El

Salvador, petitions for review of the Board of Immigration Appeals' order

dismissing his appeal from an immigration judge's decision denying his

applications for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

§ 1252.  We review for substantial evidence factual findings, *Don v. Gonzales*, 476

F.3d 738, 741 (9th Cir. 2007), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination

based on the discrepancies between Cuchilla-Ventura's testimony and his sworn

statements during his airport interview as to why he came to the United States.  *See*

*Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004) (when petitioner gives entirely

different reasons for arrival in United States, discrepancy between testimony and

sworn airport interview constitutes substantial evidence).  Cuchilla-Ventura's

contention that the agency failed to produce any evidence regarding the airport

interview is belied by the record.  Substantial evidence also supports the agency's

adverse credibility determination based on the discrepancies between Cuchilla-

Ventura's testimony and his asylum application regarding the location of the

attacks he suffered in El Salvador.  *See id.*  Further, because the agency had reason

to question Cuchilla-Ventura's credibility, Cuchilla-Ventura's inability to

corroborate his membership in the church youth group undermines his claim.  *See*

*Sidhu v. INS*, 220 F.3d 1085, 1091-92 (9th Cir. 2000).  Accordingly, in the absence

of credible testimony, Cuchilla-Ventura's asylum and withholding of removal

claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Cuchilla-Ventura's CAT claim is based on the testimony the agency found not credible, and there is no evidence in the record that compels a finding that it is more likely than not he would be tortured if returned to El Salvador, his CAT claim fails. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**